IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TFG-CALIFORNIA,<br><br>        Plaintiff,<br><br>vs.<br><br>FLAG CITY L.P., et al.,<br><br>        Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:10-CV-470-TC |

Plaintiff TFG-California (TFG) brought suit against Defendants Flag City L.P., William Karr, Kenneth Kirsten, and Cecil Dillon (collectively Flag City) alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and that it is entitled to a writ of replevin. TFG has now filed a Motion for Summary Judgment. In its response and sur-reply, Flag City requested sanctions for responding to the initial Motion for Summary Judgment and to TFG's reply brief. A hearing on TFG's Motion for Summary Judgment and Flag City's request for sanctions was set for December 6, 2011. After thoroughly reviewing the briefs and the evidence that was submitted, the court found that oral argument was not necessary to decide the issues before it. The December 6 hearing was stricken and the court took the matter under advisement.

For the reasons set forth below, TFG' Motion for Summary Judgment (Dkt. No. 20) is DENIED and Flag City's request for sanctions is DENIED.

# BACKGROUND[1]

On December 29, 2005, Flag City entered into an agreement (Agreement)[2] with TFG to get financing to build a sign for Flag City's commercial park. Under the Agreement, Flag City was required to pay the cost of the equipment ($173,333) plus thirty-six monthly payments of $5,302.60. (Lease Schedule, Ex. B to Compl. [Dkt. No. 2-2] at 23.) The Agreement also gave Flag City three end-of-term options:

> (i) purchase all, but not less than all, of the Items of Equipment for a price to be agreed upon by both Lessor and any applicable Assignee and Lessee, (ii) extend the Lease for twelve (12) additional months at the rate specified on the respective Schedule, or (iii) return the Equipment to Lessor at Lessee's expense.

(Agreement, Ex. A to Compl. [Dkt. No. 2-2] at 14.) To exercise an end-of-term option, Flag City was required to provide written notice to TFG at least ninety days before completion of the base term. (Id.) If no end-of-term option was selected or the parties could not agree to options (i) or (iii), option (ii) would go into effect and the lease would be extended for twelve additional months. (Id.)

TFG contends that at the end of the thirty-six-month base term, Flag City failed to elect one of the end-of term options, and so option (iii) took effect and the lease was extended for twelve additional months. During this extension period (August 2009 to August 2010), Flag City

---

[1] In support of its Motion for Summary Judgment TFG cited only to the complaint and answer. In response, Flag City submitted an affidavit of Willaim Karr, a general partner of Flag City. TFG then submitted its reply and attached affidavits of David Johnson and Marci Slagle, an employee and former employee of TFG, and a copy of the Lease Agreement. The background section is taken from all of these documents and represents both TFG's and Flag City's view of the facts.

[2] Flag City characterizes the agreement as a "lease purchase agreement" (Karr Aff. [Dkt. No. 22-1] ¶ 1) while TFG characterizes the agreement as a simple lease (see Johnson Aff. [Dkt. No. 24-1] ¶ 3).

failed to make the monthly payment due on February 1, 2010 (the first month that Flag City had not made its monthly payment), and has not made any monthly payments since that time. The failure to make required monthly payments constitutes a default under the lease. As a result, TFG allegedly gave notice, orally and in writing, to Flag City that it was in default. TFG claims that it is entitled to: the missing rental payments, default interest, costs, and other expenses totaling $85,029.66; 18% interest on this amount; and attorney's fees and costs.

Flag City responds that at the end of base term it had paid $190,893.60, which is the full amount of the thirty-six monthly payments. And both at the time of purchase and ninety days before the end of the base term, Flag City exercised the purchase option, option (i) of the Agreement, by notifying Ms. Slagle and Mr. Johnson, representatives of TFG. (Karr Aff. [Dkt. No. 22-1] ¶ 3.) Flag City alleges that both representatives acknowledged and accepted the notification and agreed that the purchase price would be 10% of the total equipment cost. Flag City then paid the 10% and inadvertently overpaid an additional $16,467.88. After TFG learned of the overpayment, it refused to acknowledge that Flag City had exercised the purchase option. Flag City claims that TFG owes it $16,467.88 plus interest and costs and attorney's fees.

In its reply, TFG disputes that Flag City gave the required notice of its intent to exercise the purchase option. Both Ms. Slagle and Mr. Johnson stated in their affidavits that Mr. Karr never gave them notice that Flag City was exercising the purchase option or any other end-of-term option. (Slagle Aff. [Dkt. No. 24-2] ¶ 6; Johnson Aff. [Dkt. No. 24-1] ¶ 6.) TFG contends that because Flag City did not exercise an end-of-term option, the twelve-month extension period began. From August 2009 to January 2010, which was part of the extension period, Flag City "paid reduced monthly rental payments of $2,100 each as a result of TFG's accommodation to

forebear and accept lower payments for a period of time instead of pursuing default remedies." (Pl.'s Reply [Dkt. No. 24] at 7.) TFG contends that Flag City owes $51,031.20 in monthly rental payments for the extension period.

After TFG submitted its reply, Flag City submitted a response in which it argued that TFG's belated evidence cannot be considered and that sanctions are appropriate. The court reviewed Flag City's response and issued an order giving Flag City three weeks to file a sur-reply if it so chose. Flag City submitted a sur-reply and again requested sanctions. In total, Flag City requests $7,755 in sanctions: $6,105 for 22.2 hours spent researching and writing the opposition, $550 for two hours reviewing TFG's reply brief and drafting Flag City's response, and $1,100 for four hours reviewing TFG's reply brief and drafting Flag City's sur-reply. Flag City's calculation of attorney's fees is based on an hourly rate of $275 per hour, which counsel for Flag City alleges is "very average for an attorney of [his] experience in Stockton, California." (Defs.' Sur-Reply [Dkt. No. 30] at 8.)

## ANALYSIS

**Standard of Review**

The court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).

**TFG cannot rely on the allegations in the unverified complaint.**

"In general, a party may not rely on its own pleadings to support or oppose summary

judgment." 1 Stephen S. Gensler, <u>Federal Rules of Civil Procedure, Rules and Commentary: Rule 56, Forms of Proof at Summary Judgment</u> (2011). But, under some circumstances the pleadings may be used at summary judgment: "First, a party may point to the other side's pleadings as admissions. Second, the court may treat a verified complaint as an affidavit to the extent it is based on personal knowledge and sets forth specific and nonconclusory allegations." <u>Id.</u>; <u>see</u> <u>also</u> <u>Lantec, Inc. v. Novell, Inc.</u>, 306 F.3d 1003, 1019 (10th Cir. 2002) ("A district court may treat a verified complaint 'as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).'" (quoting <u>Conaway v. Smith</u>, 853 F.2d 789, 792 (10th Cir. 1988))).

In its Motion for Summary Judgment, TFG relied solely on allegations in its complaint and admissions made in Flag City's answer. But the complaint is not a verified complaint and TFG cannot rely on it to support summary judgment. Flag City pointed to TFG's failure to submit evidence in its opposition and argued that TFG's Motion for Summary Judgment must be denied. In response, TFG submitted additional evidence with its reply brief: the affidavits of Ms. Slagle and Mr. Johnson and a copy of the Lease Agreement. But even considering this evidence, TFG is not entitled to summary judgment.

**There are genuine issues of material fact that preclude summary judgment.**

The affidavits of Mr. Karr, Ms. Slagle, and Mr. Johnson show disputed material facts. Mr. Karr stated in his affidavit that he "personally notified plaintiff's representatives Marci Kimball-Slagle and Dave Johnson that defendants intended to exercise the purchase option." (Karr Aff. [Dkt. No. 22-1] ¶ 3.) He further contends that "[b]oth representatives acknowledged and accepted this notification and agreed that the purchase price would be 10% of the Total

Equipment Cost." (Id.) Flag City then allegedly paid the 10% purchase price and overpaid an additional $16,467.88.

TFG disputes several of these facts. First, Ms. Slagle and Mr. Johnson deny that Mr. Karr gave them notice of Flag City's intent to purchase the equipment or ever discussed the end-of-term purchase price. (Slagle Aff. [Dkt. No. 24-2] ¶ 6; Johnson Aff. [Dkt. No. 24-1] ¶¶ 14, 15.) Second, TFG disputes that Flag City paid the 10% purchase price. Mr. Johnson stated in his affidavit that since the end of the base term Flag City has made six reduced monthly payments totaling $12,600. This is contrary to Mr. Karr's statement that Flag City paid not only the 10% purchase price but also an excess of $16,467.88. Finally, the parties disagree on the nature of the agreement. Flag City contends that the agreement was a "lease-purchase agreement" (Karr Aff. [Dkt. No. 22-1] ¶ 1), whereas TFG contends that the agreement was a simple lease (see Johnson Aff. [Dkt. No. 24-1] ¶ 3).

Because there are genuine issues of material fact, TFG's Motion for Summary Judgment is DENIED.

**Sanctions**

"If satisfied that an affidavit or declaration under [Rule 56] is submitted in bad faith or solely for delay, the court . . . may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." Fed. R. Civ. P. 56(h).

Flag City has requested sanctions for researching and writing the opposition, reviewing TFG's reply brief and drafting Flag City's response, and again reviewing TFG's reply brief and drafting Flag City's sur-reply. As an initial matter, the court notes that TFG did not submit any affidavits in support of its Motion for Summary Judgment. Accordingly, imposing sanctions

under Rule 56(h) for Flag City's work in researching and writing the opposition is not warranted. And although it was ill-advised for TFG to submit affidavits for the first time in its reply brief, especially given that those affidavits highlighted genuine issues of material fact, the court is not satisfied that TFG was acting in bad faith or solely to create delay. For these reasons, Flag City's request for sanctions is DENIED.

## CONCLUSION

For the foregoing reasons, TFG's Motion for Summary Judgment (Dkt. No. 20) and Flag City's request for sanctions are DENIED.

SO ORDERED this 14th day of December, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge